The Union County Orphans' Court, after a vigorous contest, admitted to probate the last will and testament of Harriet W. Cleveland, deceased, and ordered the contestant, James W. Cleveland, to pay the costs and expenses of the proponent, including a counsel fee of $5,000. He appeals from so much of the decree as charges him with the expenses of the litigation.
It was the ancient rule, where probate was granted, that if the contestant presented other evidence than the testimony of the subscribing witnesses, he should bear the costs and fees of the proponent of the will, although this was a matter within the discretion of the court. Statutes adopted in 1855 and 1861 took this discretion away and made the contestant's obligation to pay absolute, in cases where he had no reasonable cause to oppose the probate. The substance of these statutes *Page 215 
is now in the second sentence of R.S. 3:2-51. Then, in 1876, the Legislature further enacted what is now the last sentence of the section, that if there was reasonable cause for opposing probate, the court might order the contestant's expenses to be paid out of the estate. But, although the contestant has reasonable cause to oppose probate, it is still within the court's discretionary power to charge him with the costs and expenses of the litigation, if he presents other proofs than the testimony of the subscribing witnesses and if probate is granted.Perrine v. Applegate, 14 N.J. Eq. 531 (Green, O., 1862);In re Sebring's Will, 84 N.J. Eq. 453 (Backes, V.O., 1915).
The appellant is Mrs. Cleveland's son, her only heir and next of kin. He knew nothing of the will until after the death of his mother. By it, her entire estate was bequeathed to a close friend and cousin, Mabel Creed, who was appointed executrix. (Mrs. Creed had nothing to do with the preparation of the will, and seems to have been as much surprised by it as the appellant.) The will was executed in November, 1946, seven months before testatrix' death at the age of 80 years. She was resident in a nursing home at the time, suffering from arteriosclerosis and other maladies common in old age. Thus we have a typical background for a will contest. On the other hand, there was evidence that no one knew better than appellant that his mother had ample reason to disinherit him. He had persuaded her, or deceived her, while enfeebled with age and illness, so that she turned over to him her entire estate and died penniless, except for a cause of action against him for restitution. Of course, these dealings between mother and son are not the subject of the present controversy; they appear only incidentally. Upon the hearing in the suit that is pending between the executrix and Cleveland, Cleveland may be cleared.
The evidence before us probably presents reasonable ground for opposing probate, but in spite of that, we agree that appellant was properly charged with the expense of the litigation. Mrs. Creed was under a duty to offer the will for probate and to attempt to sustain the will. She should not *Page 216 
be left to pay the expenses out of her own pocket and be put to the hazard of obtaining reimbursement in her suit against the appellant. The unsuccessful contestant must bear the expense. However, we will reduce the counsel fee to $1,000. While testimony was taken on five separate days, only on two of these occasions did this matter occupy the court for a full day. The item of expense will be increased by $175.40, the stenographer's fee for transcript furnished to the judge of the Orphans' Court. The decree will be modified accordingly.